1   **HUNTON & WILLIAMS LLP**
2   Ann Marie Mortimer (SBN 169077)
    amortimer@hunton.com
3   Kirk A. Hornbeck (SBN 241708)
    khornbeck@hunton.com
4   550 South Hope Street, Suite 2000
    Los Angeles, California 90071-2627
5   Telephone: (213) 532-2000
    Facsimile: (213) 532-2020
6
7   Samuel A. Danon (*pro hac vice to be filed*)
    sdanon@hunton.com
8   Corey A. Lee (*pro hac vice to be filed*)
    leec@hunton.com
9   1111 Brickell Avenue, Suite 2500
    Miami, Florida 33131-3126
10  Telephone: (305) 810-2500
    Facsimile: (305) 810-2460
11
12  Attorneys for Defendant
    THE PROCTER & GAMBLE COMPANY
13
14                  UNITED STATES DISTRICT COURT
15          CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION
16

| | |
|---|---|
| VERONICA BRENNER and ANGELA BANEGAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROCTER & GAMBLE CO.,<br><br>Defendant. | CASE NO.: 8:16-cv-02273<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT THE PROCTER & GAMBLE COMPANY, PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>*[Declaration of Ann Marie Mortimer filed concurrently herewith]*<br><br>Complaint Filed: November 14, 2016 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant The Procter & Gamble Company ("P&G"), hereby removes to this Court, pursuant to 28 U.S.C. § 1441(b) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), the state court action described below. In support thereof, P&G states as follows:

1.  On November 9, 2016, a putative class action complaint was filed by Plaintiffs Veronica Brenner and Angela Banegas ("Plaintiffs") and is currently pending against P&G in the Central District of California—Southern Division, Case No. 8:16-1093-JLS-JCG, *Veronica Brenner et al. v. Procter & Gamble Co.* ("*Brenner I*").

2.  On November 14, 2016, Plaintiffs filed this virtually identical putative class action against P&G in the Superior Court for the State of California, County of Orange, as Case No. 30-2016-00887781-CU-BT-CXC, *Veronica Brenner et al. v. Procter & Gamble Co.* ("*Brenner II*"). P&G accepted service of the Summons and Class Action Complaint ("*Brenner II* Complaint") on December 1, 2016. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint are attached to the Declaration of Ann Marie Mortimer in Support of this Notice of Removal. *See* Mortimer Decl. ¶ 2, Exhibit A (*Brenner II* Summons and Complaint Package). Upon information and belief, there have been no other proceedings in *Brenner II*. This latter action is the subject of this Notice of Removal.

3.  As explained below, *Brenner II* may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because P&G has satisfied the procedural requirements, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# I.

## P&G HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4. P&G accepted service of the Summons and Complaint on December 1, 2016. Mortimer Decl. ¶ 3. Thus, P&G's Notice of Removal is timely because it is filed within 30 days of the date of service. *See* 28 U.S.C. § 1446(b).

5. Venue lies in the United States District Court for the Central District of California because *Brenner II* was filed by Plaintiffs and is now pending in this judicial district. *See* 28 U.S.C. § 1441(a).

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon P&G, which papers include the Summons and Complaint, are attached to the concurrently filed Declaration of Ann Marie Mortimer as Exhibit A.

7. Pursuant to 28 U.S.C. § 1332(d), a copy of this Notice of Removal is being served upon Plaintiffs' counsel and a copy is being filed with the Clerk of the Superior Court for the State of California, County of Orange.

# II.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION

8. *Brenner II* is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified as 28 U.S.C. §§ 1332(d), 1453, 1711-1715). Pursuant to CAFA, federal courts have original jurisdiction over a class action if: (a) it involves 100 or more putative class members; (b) any class member is a citizen of a state different from any defendant; and (c) the aggregated amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

9. To remove a case under CAFA, a defendant need only "file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal'"—*i.e.,* the same "liberal" pleading standard required by Federal Rule of

Civil Procedure 8(a), requiring only plausible allegations as to the basis for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)).

10. As set forth below, this is a putative class action in which, as alleged: (a) there are more than 100 members in Plaintiffs' proposed classes; (b) Plaintiffs and the members of the putative classes have a different citizenship than P&G, the sole named defendant; and (c) the claims of the proposed class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**A.  This is a Class Action Consisting of More Than 100 Members.**

11. In *Brenner II*, Plaintiffs propose a class of all persons in California and Florida who purchased Pampers "Natural Clean" Wipes. Mortimer Decl., Ex. A at Page 9, *Brenner II* Compl. ¶¶ 15-16. Plaintiffs allege that the class members are so numerous that joinder of all members is impracticable. *Id.* ¶ 17.

12. Furthermore, Plaintiffs have alleged identical claims and classes in *Brenner I*, which is currently pending in this district, and in *Brenner I* Plaintiffs allege that P&G's "Wipes are purchased by thousands of consumers every day" in California alone. *See* Mortimer Decl., Ex. B at Page 32, 34, *Brenner I* Compl. ¶¶ 10, 18-19. Accordingly, Plaintiffs' identical proposed classes in *Brenner II* likewise exceed 100 members.

**B.  The Minimal Diversity Requirement is Satisfied.**

13. Under CAFA's "minimal diversity" requirement, "a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant,'" or a citizen or subject of a foreign state. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 740 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)); *Duran v. Fernandez Bros., Inc.*, 2015 WL 7012884, at *3 (N.D. Cal. Nov. 12, 2015) (denying motion to remand because CAFA's minimal diversity requirement was satisfied where removing defendant

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

3
NOTICE OF REMOVAL BY DEFENDANT THE PROCTER & GAMBLE COMPANY

alleged that some putative class members were "citizens or subjects of a foreign state").

14. Plaintiff Veronica Brenner is, and has been at all relevant times, a citizen and resident of the State of California. Mortimer Decl., Ex. A at Page 8, *Brenner II* Compl. ¶ 11. Plaintiff Angela Banegas is, and has been at all relevant times, a citizen and resident of the State of Florida. *Id.* ¶ 12; *see Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002) (diversity must exist for removal purposes both when the complaint is filed and when the removal petition is filed).

15. P&G is, and has been at all relevant times, a corporation organized under the laws of Ohio with its principal place of business in Cincinnati, Ohio. Mortimer Decl. ¶ 5, Ex. C at Page 52 [P&G Amended Articles of Incorporation]. A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182-83 (9th Cir. 2004).

16. Accordingly, minimal diversity of citizenship clearly exists here because P&G is, and has been at all relevant times, a citizen of the State of Ohio and not California or Florida—thereby satisfying CAFA's requirement of minimal diversity. *See* 28 U.S.C. § 1332(c)(1).

**C.     The Amount In Controversy Requirement is Satisfied.**

17. In *Brenner II*, Plaintiffs assert causes of action against P&G individually, on behalf of the putative class, and in a representative capacity pursuant to California's Consumers Legal Remedies Act, CAL. CIV. CODE §§ 1750-1758 ("CLRA"), California's Unfair Competition Law, CAL. BUS. & PROF. CODE §§ 17200-17210 ("UCL"), and Florida's Deceptive and Unfair Trade Practices Act, FLA. STAT. §§ 501.201 *et seq*. ("FDUTPA"). Mortimer Decl., Ex. A at Pages 10-14, *Brenner II* Compl. ¶¶ 25-70.

18. Plaintiffs allege that P&G violated the CLRA by "falsely representing" to Plaintiff Brenner and class members "that the Wipes were natural when they

1 contained unnatural and potentially harmful chemicals." *Id.*, Ex. A at Page 11,
2 *Brenner II* Compl. ¶ 31.

3     19. Plaintiffs further allege that P&G violated the UCL because P&G's "marketing, advertising, packaging, and labeling of the Wipes misrepresent[s] and/or omit[s] the true facts concerning the benefits of the Wipes." Based on those alleged violations, Plaintiffs allege that Plaintiff Brenner and class members "were injured by virtue of paying an excessive premium price" for unlawfully marketed, advertised, packaged, and labeled Wipes. *Id.*, Ex. A at Page 12, *Brenner II* Compl. ¶¶ 39, 41.

9     20. Plaintiffs further allege that P&G violated the FDUTPA, resulting in injuries to Plaintiff Banegas and class members "in that they paid a premium" for P&G's allegedly mislabeled Wipes. *Id.*, Ex. A at Page 14, *Brenner II* Compl. ¶ 67.

12     21. Plaintiffs have asserted virtually identical allegations in *Brenner I*, Central District of California Case No. 8:16-1093-JLS-JCG at ECF No. 41. *See* Mortimer Decl., ¶ 4, Ex. B (*Brenner I* Compl.). In *Brenner I*, Plaintiffs also allege that P&G violated the CLRA by "falsely representing" to Plaintiff Brenner and class members "that the Wipes were natural when they contained unnatural and potentially harmful chemicals." *Id.*, Ex. B at Page 37, *Brenner I* Compl. ¶ 35. Plaintiffs in that action seek compensatory damages, punitive damages, and restitution for P&G's alleged violations of the CLRA. *Id.* ¶ 37.

20     22. In *Brenner I*, Plaintiffs also allege that P&G violated the UCL because P&G's "marketing, advertising, packaging, and labeling of the Wipes misrepresent[s] and/or omit[s] the true facts concerning the benefits of the Wipes." *Id.*, Ex. B at Page 39, *Brenner I* Compl. ¶ 47. Based on those alleged violations, Plaintiffs allege that Plaintiff Brenner and class members were injured "by virtue of paying an excessive premium price" for unlawfully marketed, advertised, packaged, and labeled Wipes, and are entitled to restitution, disgorgement of all revenues obtained as a result of alleged violations, attorneys' fees, and costs. *Id.*, Ex. B at Pages 39-40, *Brenner I* Compl. ¶¶ 49, 54.

23. In *Brenner I*, Plaintiffs also allege that P&G violated the FDUTPA, resulting in injuries to Plaintiff Banegas and class members "in that they paid a premium" for P&G's allegedly mislabeled Wipes. *Id.*, Ex. B at Page 43, *Brenner I* Compl. ¶ 74. Plaintiffs seek damages, punitive damages, restitution, disgorgement, attorneys' fees, and costs based on these alleged violations.

24. Plaintiffs contend that the amount in controversy with regard to the aforementioned claims—which are virtually identical in *Brenner I* and *Brenner II*—"exceeds the sum of $5,000,000.00, exclusive of interest and costs," and "the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs." *Id.*, Ex. B at Page 32, *Brenner I* Compl. ¶ 11.

25. For purposes of determining the amount in controversy under CAFA, aggregation of claims is appropriate where similar claims are split across different lawsuits and the proposed classes overlap. *See Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 407-08 (6th Cir. 2008) (refusing to disaggregate claims split between separate class actions because "there was no colorable reason for breaking up the lawsuit in this fashion, other than to avoid federal jurisdiction"); *cf. Tanoh v. Dow Chemical Co.*, 561 F.3d 945, 955 (9th Cir. 2009) (recognizing *Freeman*'s rule but holding that the rule was not applicable where "each of the seven state court actions was brought on behalf of a different set of plaintiffs," and thus that "none of the seven groups of plaintiffs has divided its claims into separate lawsuits to expand recovery").

26. Because the named plaintiffs are identical in *Brenner I* and *Brenner II*, and because Plaintiffs' claims and proposed classes completely overlap between *Brenner I* and *Brenner II*, their claims must be aggregated to determine the amount in controversy. As Plaintiffs concede that the amount in controversy in *Brenner I* is "well in excess of $5,000,000.00," *see* Mortimer Decl., Ex. B at Page 32, *Brenner I* Compl. ¶ 11, the amount in controversy with regard to virtually identical claims in this

1  *Brenner II* action likewise exceeds the $5 million jurisdictional threshold.  Removal to
2  this Court is therefore proper under CAFA.

3        27.  Finally, because P&G is a citizen of the State of Ohio and the
4  requirements for federal jurisdiction under CAFA are satisfied, this matter does not
5  fall within the discretionary or mandatory exceptions to CAFA jurisdiction.  *See* 28
6  U.S.C. §§ 1332(d)(3-4); *Grimmelmann v. Pulte Home Corp.*, No. CV-08-1878-PHX-
7  FJM, 2009 WL 1211771, at *2 (D. Ariz. May 1, 2009) (federal court lacks authority
8  to remand where defendants are not residents of forum state).  Accordingly, upon
9  removal, this Court's jurisdiction over this matter will be exclusive, and the Court will
10 not have authority to remand this action to state court.

12       **WHEREFORE**, P&G hereby removes *Brenner II* from the Superior Court of
13 the State of California, County of Orange, to this Court, pursuant to 28 U.S.C. §§
14 1332(d) and 1441(b).

16 DATED:  December 29, 2016      **HUNTON & WILLIAMS LLP**

18       By:  /s/ *Ann Marie Mortimer*
             Ann Marie Mortimer
19       Attorneys for Defendant
20       THE PROCTER AND GAMBLE
             COMPANY

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627