**HUNTON & WILLIAMS LLP**
Ann Marie Mortimer (SBN 169077)
amortimer@hunton.com
Kirk A. Hornbeck (SBN 241708)
khornbeck@hunton.com
Paul T. Moura (SBN 288664)
pmoura@hunton.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
THE PROCTER & GAMBLE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| VERONICA BRENNER and ANGELA BANEGAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROCTER & GAMBLE CO.,<br><br>Defendant. | Case No.: 8:16-cv-02273-JLS (JCGx)<br><br>**DEFENDANT'S NOTICE OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>[*Declaration of Ann Marie Mortimer, Request for Judicial Notice, and [Proposed] Orders filed concurrently herewith*]<br><br>Date: March 10, 2017<br>Time: 2:30 p.m.<br>Judge: Hon. Josephine L. Staton<br>Crtm.: 10A<br><br>Complaint Filed: November 14, 2016<br>Action Removed: December 29, 2016 |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 10, 2017, at 2:30 p.m., or as soon thereafter as this may be heard, in Courtroom No. 10A of this Court, located at 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, before the Honorable Josephine L. Staton, Defendant The Procter & Gamble Company ("P&G") will and hereby does move the Court for an order dismissing the complaint (Dkt. No. 1-3) ("Complaint"), and each claim contained therein, filedF by Plaintiffs Veronica Brenner and Angela Banegas ("Plaintiffs"). This motion is made pursuant to Federal Rules of Civil Procedure 41(b) and 12(b)(1), and is based on the following grounds:

1. Plaintiffs' duplicative Complaint—which serves only to split Plaintiffs' injunctive relief remedy from Plaintiffs' causes of action previously filed in an already pending action, *Brenner et al. v. Procter & Gamble Co.*, Case No. 8:16-cv-01093-JLS-JCG ("*Brenner I*")—violates the Court's order dismissing Plaintiff Brenner's injunctive relief remedy in *Brenner I*, and also circumvents the parties' stipulation and the Court's order consolidating Plaintiffs' claims together in the *Brenner I* action.

2. Plaintiffs lack standing to pursue injunctive relief because, as the Court held in *Brenner I*, Plaintiffs have not demonstrated a threat of future injury, given that they have alleged no intention of purchasing the baby wipes in the future if the "natural clean" representations are removed.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, all pleadings and documents on file in this case, and on such other written and oral argument as may be presented to the Court. This motion is made following the conference of counsel pursuant to L.R. 7-3, which commenced on December 29, 2017, and continued at various times until January 5, 2017.

DATED: January 5, 2017     HUNTON & WILLIAMS LLP

By: /s/ *Ann Marie Mortimer*
      Ann Marie Mortimer
      Attorneys for Defendant
      THE PROCTER AND GAMBLE COMPANY

# **TABLE OF CONTENTS**

**Page**

I. Introduction ...................................................................................................1

II. Background...................................................................................................3

III. Legal Argument.............................................................................................4

    A. Plaintiffs' Claims Should Be Dismissed Under Rule 41(b) Because Plaintiffs' Duplicative Complaint Contravenes the Court's Prior Orders. ..................................................................................................4

        1. Plaintiffs Have Not Complied with the Court's Order Granting Leave to Correct the Deficiencies in Plaintiffs' Injunctive Relief Claims. .........................................................5

        2. Plaintiffs Have Not Complied with the Court's Order to Consolidate Plaintiffs' Claims in a Single Action............................5

        3. Dismissal Under Rule 41(b) Is an Appropriate Remedy..................6

    B. Plaintiffs' Claims Also Fail Under Rule 12(b)(1) Because Plaintiffs Lack Standing to Seek Injunctive Relief. ......................................................9

IV. Conclusion..................................................................................................11

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Brenner et al. v. Procter & Gamble Co.*,
  Case No. 8:16-cv-01093-JLS-JCG ................................................................... passim

*Brown v. Felsen*,
  442 U.S. 127 (1979) .................................................................................................. 8

*Cabral v. Supple, LLC*,
  No. EDCV-12-00085-MWF-OP, 2016 WL 1180143
  (C.D. Cal. Mar. 24, 2016) ......................................................................................... 7

*Cetacean Cmty. v. Bush*,
  386 F.3d 1169 (9th Cir. 2004) .................................................................................. 9

*Davis v. Fed. Election Comm'n*,
  554 U.S. 724 (2008) ................................................................................................ 10

*Edwards v. Marin Park, Inc.*,
  356 F.3d 1058 (9th Cir. 2004) .................................................................................. 5

*Fid. Nat. Title Ins. Co. v. Castle*,
  No. C 11-00896-SI, 2011 WL 6141310 (N.D. Cal. Dec. 8, 2011) ......................... 10

*Flynn v. State Bd. of Chiropractic Exam'rs*,
  418 F.2d 668 (9th Cir. 1969) .................................................................................... 8

*Grimmelmann v. Pulte Home Corp.*,
  No. CV-08-1878-PHX-FJM, 2009 WL 1211771
  (D. Ariz. May 1, 2009) ............................................................................................. 8

*Herman v. Salomon Smith Barney, Inc.*,
  266 F. Supp. 2d 1208 (S.D. Cal. 2003) .................................................................... 9

*Hodgers-Durgin v. De la Vina*,
  199 F.3d 1037 (9th Cir. 1999) ................................................................................ 10

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .................................................................................................. 9

ii
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

*Madison v. Motion Picture Set Painters & Sign Writers Local 729*,
   132 F. Supp. 2d 1244 (C.D. Cal. 2000) ........................................................................ 9

*McCarthy v. United States*,
   850 F.2d 558 (9th Cir. 1988) ..................................................................................... 10

*Mezzadri v. Med. Depot, Inc.*,
   113 F. Supp. 3d 1061 (S.D. Cal. 2015) ........................................................................ 7

*Snowden v. Cazares*,
   No. CV 12-3443-DSF(JC), 2016 WL 5947212
   (C.D. Cal. Oct. 12, 2016) ............................................................................................ 7

*The Fair v. Kohler Die & Specialty Co.*,
   228 U.S. 22 (1913) ...................................................................................................... 9

*Yourish v. California Amplifier*,
   191 F.3d 983 (9th Cir. 1999) .................................................................................. 5, 6

**STATUTES AND OTHER AUTHORITIES**

28 U.S.C. § 1332(d) ........................................................................................................ 1, 8

28 U.S.C. § 1453 ................................................................................................................. 1

28 U.S.C. §§ 1711-15 ......................................................................................................... 1

CAL. CIV. CODE §§ 1750-1785 (2) ................................................................................. 1, 4

CAL. BUS. & PROF. CODE §§ 17200-17210 ..................................................................... 1, 4

FED. R. CIV. P. 11 ......................................................................................................... 2, 10

FED. R. CIV. P. 12(b)(1) ................................................................................................ 9, 10

FED. R. CIV. P. 41(b) ................................................................................................. passim

FLA. STAT. §§ 501.201, *et seq* ....................................................................................... 1, 4

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

iii

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Veronica Brenner and Angela Banegas' ("Plaintiffs'") class action complaint (Dkt. No. 1-3) against The Procter & Gamble Company ("P&G") is remarkable for one very simple reason: It is an attempt to split off and re-litigate an injunctive relief remedy that this Court already dismissed in a nearly identical action that Plaintiffs have filed in this district, styled *Brenner et al. v. Procter & Gamble Co.*, Case No. 8:16-cv-01093-JLS-JCG ("*Brenner I*").[1] Plaintiffs—masters of their own complaint—initially filed their claims against P&G in federal court pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, 1711-15 ("CAFA"). Yet Plaintiffs now apparently refuse to accept the consequences of their chosen forum and governing law, and have decided to file this second lawsuit ("*Brenner II*") in state court in order to circumvent the Court's prior dismissal of Plaintiffs' injunctive relief remedy, notwithstanding this Court's original and exclusive jurisdiction over Plaintiffs' claims under CAFA. Thus, this second lawsuit is part of an obvious attempt by Plaintiffs to avoid the consequences of multiple court orders limiting Plaintiffs' claims, and to generate excess costs to P&G through the use of duplicative, vexatious litigation. Such tactics warrant dismissal with prejudice.

In both *Brenner I* and this action, Plaintiffs allege that Pampers "Natural Clean" Wipes feature labeling that they claim is misleading because the Wipes allegedly "contain an unnatural and potentially harmful ingredient called phenoxyethanol." *Compare* Mortimer Decl., Ex. A at Page 6 ¶ 4, *Brenner I* Compl. ¶ 4, *to* Dkt. No. 1-3, *Brenner II* Compl. ¶ 4. In both cases, Plaintiffs assert claims under the California Consumers Legal Remedies Act, California's Unfair Competition Law, and Florida's Deceptive and Unfair Trade Practices Act, and seek to represent identical classes of all

---

[1] Plaintiffs' First Amended Consolidated Complaint filed in *Brenner I* is attached as Exhibit A to the concurrently filed Declaration of Ann Marie Mortimer ("Mortimer Decl.").

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

persons in California and Florida who purchased the Wipes. *Compare* Mortimer Decl., Ex. A at Pages 9-10, *Brenner I* Compl. ¶¶ 18-19, 22-23, *to* Dkt. No. 1-3, *Brenner II* Compl. ¶¶ 15-16, 19-20. Plaintiffs' complaint in this second action seeks various forms of injunctive relief. *Id.*, *Brenner II*. Compl. at Prayer for Relief.

In *Brenner I*, Plaintiff Brenner had previously asserted identical causes of action seeking injunctive relief, but the Court dismissed Brenner's requested relief based on a lack of Article III standing to seek an injunction. Mortimer Decl., Ex. B, (Motion to Dismiss ("MTD") Order) at Page 30.[2] The Court instructed Brenner that, "[i]f Plaintiff, consistent with her Rule 11 obligations, would like to amend her complaint to allege that she would purchase the product again if appropriately labeled, she may do so." *Id*. To that end, the parties stipulated that Brenner would then file an amended complaint in *Brenner I* that consolidated her amended claims with Plaintiff Banegas' substantially similar claims that were also pending in this district.[3] Specifically, the parties agreed that, "in the interest of judicial efficiency," the "common questions of law and fact" justified consolidating Plaintiffs' claims in a single action that "shall bear the current caption and case number of the *Brenner* Action." Mortimer Decl., Ex. E (Stipulation) at Page 66. The Court entered an order confirming this stipulation to consolidate and ordered that "Ms. Brenner and Ms. Banegas shall file a consolidated complaint" that "shall bear the current caption and case number of the [*Brenner I*] Action," Mortimer Decl., Ex. F (Order Granting

---

[2] The Court's order granting in part P&G's motion to dismiss is attached as Exhibit B to the concurrently filed Declaration of Ann Marie Mortimer.

[3] Plaintiff Banegas' original complaint is attached as Exhibit C to the concurrently filed Declaration of Ann Marie Mortimer. Banegas' original complaint was initially transferred from the Southern District of Florida to the Central District of California on September 28, 2016 in order to avoid the sort of unnecessary duplication that Plaintiffs seek to perpetuate here. *See* Mortimer Decl., Ex. D at Pages 62-63 ("[T]he Court finds sufficient cause to transfer the case, especially given the likelihood of unnecessary duplication of litigation for the parties, the danger of inconsistent rulings, and the interests of sound judicial administration and judicial economy for the federal court system.").

2
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

Stipulation) at Page 72, which Plaintiffs then filed on November 9, 2016, *see* Mortimer Decl., Ex. A.

Five days later, in defiance of the parties' stipulation and the Court's consolidation order, Plaintiffs filed this *second*, nearly identical lawsuit, asserting causes of action that are duplicative of Plaintiffs' complaint in *Brenner I*. Plaintiffs assert newly-captioned claims again seeking injunctive relief, but once again have failed to correct the Article III standing deficiencies undercutting those claims, despite the Court's express instructions. *See* Dkt No. 1-3, *Brenner II* Compl. ¶¶ 25-70. In other words, Plaintiffs have filed a duplicative complaint that contravenes two court orders, breaches the parties' agreement to consolidate, repeats the same pleading deficiencies already rejected by the Court, improperly splits Plaintiffs' remedy from the rest of Plaintiffs' claims, and serves only to generate excess costs for P&G and waste the Court's limited resources. As explained below, such noncompliance with the Court's directions warrants dismissal under Federal Rule of Civil Procedure 41(b). In addition, Plaintiffs' continued failure to demonstrate standing to seek an injunction further justifies dismissal with prejudice.

## II. BACKGROUND

P&G is a pioneer in the field of baby care, having introduced disposable diapers to the mass market sixty years ago with the launch of the Pampers brand. Since that time, the Pampers brand has become synonymous with innovation and quality. Building on that reputation, P&G introduced the "Natural Clean" product line to the Pampers brand in June 2012. The packaging for the Natural Clean Wipes contains no reference to "natural" save for the product name, and there are no allegations that the Wipes are described as "all natural," "100% natural," or that the wipes otherwise claim to contain no artificial or synthetic ingredients.

As alleged in Plaintiffs' complaint, Brenner purchased the Wipes "at a Target store located in Rancho Santa Margarita, California, on many occasions since May

3

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

2015." Dkt. No. 1-3, *Brenner II* Compl. ¶ 11. Banegas purchased the Wipes "an estimated 100 times . . . at Babies 'R' Us, Target, and BJ's Wholesale Club in Broward County, Florida." *Id*. ¶ 12. Plaintiffs contend that they understood "Natural Clean" to "mean that the Wipes did not contain synthetic chemicals and, at the very least, would not contain chemicals that were potentially harmful to [their] child[ren]." *Id*. ¶¶ 11-12. These allegations are identical to Plaintiffs' allegations in *Brenner I*. *See* Mortimer Decl., Ex. A at Page 8, *Brenner I* Compl. ¶¶ 13-14.

As relevant here, Plaintiffs make no allegation that they intend to purchase the Wipes again if the allegedly misleading statements are corrected, and therefore lack standing to pursue injunctive relief. Nonetheless, Plaintiffs seek to represent an "injunctive class" of all persons in California and Florida who purchased the Wipes, excluding those persons who made such purchases for purpose of resale. *See* Dkt. No. 1-3, *Brenner II* Compl. ¶ 16. Plaintiffs bring three claims, alleging (1) violation of the California Consumers Legal Remedies Act, CAL. CIV. CODE §§ 1750-1785 ("CLRA"), (2) violation of California's Unfair Competition Law, CAL. BUS. & PROF. CODE §§ 17200-17210 ("UCL"), and (3) violation of Florida's Deceptive and Unfair Trade Practices Act, FLA. STAT. §§ 501.201, *et seq*. ("FDUTPA").

### III. LEGAL ARGUMENT

#### A. Plaintiffs' Claims Should Be Dismissed Under Rule 41(b) Because Plaintiffs' Duplicative Complaint Contravenes the Court's Prior Orders.

Plaintiffs' complaint should be dismissed under Rule 41(b) because it defies two prior orders of the Court. Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Plaintiffs' complaint contravenes both (1) the Court's order granting leave to correct the deficiencies in Plaintiff Brenner's injunctive relief claims, *see* Mortimer Decl., Ex. B (MTD Order) at Page 30; and (2) the Court's order confirming the parties' stipulation to consolidate

4
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

Plaintiffs' claims in a single action "in the interest of judicial efficiency," *see* Mortimer Decl., Ex. E (Stipulation) and Ex. F (Order Granting Stipulation).

### 1. Plaintiffs Have Not Complied with the Court's Order Granting Leave to Correct the Deficiencies in Plaintiffs' Injunctive Relief Claims.

As this Court previously held, a plaintiff must demonstrate a "'real and immediate threat of repeated injury' to have Article III standing to seek an injunction." Mortimer Decl., Ex. B (MTD Order) at Page 30 (quoting *Delarosa v. Boiron, Inc.*, No. SACV 10-1569-JST CWX, 2012 WL 8716658, at *2 (C.D. Cal. Dec. 28, 2012) (Staton, J.); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc)). The Court explained that, in order to establish Article III standing, Plaintiffs must allege that they would purchase the product again if the allegedly misleading statements are corrected. Mortimer Decl., Ex. B (MTD Order) at Page 30.

Despite this Court's instruction, Plaintiffs still have not alleged the requisite threat of repeated injury, and instead have asserted the same allegations that this Court previously deemed insufficient. Accordingly, the Court may dismiss the instant action based on Plaintiffs' failure to correct the deficiencies in their complaint after being given the opportunity to amend. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (dismissal pursuant to FED. R. CIV. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

### 2. Plaintiffs Have Not Complied with the Court's Order to Consolidate Plaintiffs' Claims in a Single Action.

There is yet another order that Plaintiffs have defied. An order of the Court confirming a stipulation of the parties is an "order" that, if violated, may justify dismissal under Rule 41(b). *See Yourish v. California Amplifier*, 191 F.3d 983, 986-

88 (9th Cir. 1999) (affirming Judge Marshall's dismissal under Rule 41(b) where plaintiff failed to comply with minute order confirming the parties' stipulation).

Here, after the Court instructed Brenner that she may amend and cure her claims seeking injunctive relief by "alleg[ing] that she would purchase the product again if appropriately labeled," Mortimer Decl., Ex. B (MTD Order) at Page 30, the parties stipulated that Brenner would then file an amended complaint consolidating her claims with Angela Banegas' substantially similar claims. Specifically, the parties agreed that, "in the interest of judicial efficiency," the "common questions of law and fact" justified consolidating Plaintiffs' claims in a single action that "shall bear the current caption and case number of the *Brenner* Action." Mortimer Decl., Ex. E (Stipulation) at Page 66. The Court thereafter confirmed that stipulation and ordered that "[t]he Brenner Action and the Banegas Action shall be consolidated, . . . shall bear the current caption and case number of the *Brenner* Action . . . [and] Ms. Brenner and Ms. Banegas shall file a consolidated complaint within 14 days of the entry of this order." Mortimer Decl., Ex. F (Order Granting Stipulation) at Page 72.

In defiance of this stipulation and order, Plaintiffs instead filed this second action in Orange County Superior Court (which P&G subsequently removed) asserting identical allegations and splitting off Plaintiffs' injunctive relief remedy, thereby completely undermining the intent to try common questions of law and fact together in a consolidated lawsuit. "When a party fails to comply with any district court order within the time period given for compliance, the district court may dismiss the action pursuant to FED. R. CIV. P. 41(b)." *Yourish*, 191 F.3d at 987.

### 3. Dismissal Under Rule 41(b) Is an Appropriate Remedy.

"In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

6
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

alternatives." *Snowden v. Cazares*, No. CV 12-3443 DSF(JC), 2016 WL 5947212, at *3 (C.D. Cal. Oct. 12, 2016), *judgment entered,* No. CV 12-3443 DSF(JC), 2016 WL 6024239 (C.D. Cal. Oct. 12, 2016) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992), *as amended* (May 22, 1992) (failure to comply with court orders)).

Here, all of these factors weigh in favor of dismissal. First, Plaintiffs' apparent "remedy-splitting" strategy—including Plaintiffs' attempt to file this duplicative action in state court—directly undercuts the public's interest in expeditious resolution of litigation. In addressing a similar effort by a plaintiff to concurrently assert identical claims in state and federal court, Judge Fitzgerald recently held that "splitting a claim between state and federal courts would result in an incredible waste of litigation resources. The parties would presumably conduct duplicative discovery, file duplicative motions, and perhaps even hold duplicative trials on the exact same claim in two separate jurisdictions. Courts have long prohibited claim-splitting in order to avoid this result." *Cabral v. Supple, LLC*, No. EDCV-12-00085-MWF-OP, 2016 WL 1180143, at *3 (C.D. Cal. Mar. 24, 2016). The same is true here, as Plaintiffs' duplicative lawsuit would presumably require parallel rounds of discovery and separate trials based on the remedy being sought.

Second, Plaintiffs' concurrent lawsuits alleging identical claims would severely disrupt the Court's ability to manage its docket for these same reasons. Such remedy-splitting would produce "immense inefficiencies," *see id*. at *4, and has been criticized by one court as "unworkable," *Mezzadri v. Med. Depot, Inc.*, 113 F. Supp. 3d 1061, 1065 (S.D. Cal. 2015). Indeed, the Southern District of Florida recognized this possibility here when it initially transferred Plaintiff Banegas' lawsuit to the Central District of California based on "the danger of inconsistent rulings, and the interests of sound judicial administration and judicial economy for the federal court system." Mortimer Decl., Ex. D at Page 63.

Third, the prejudice to P&G caused by Plaintiffs' noncompliance is particularly egregious because Plaintiffs' remedy-splitting strategy has needlessly multiplied the proceedings and forced P&G to spend excess resources, expenses, and attorneys' fees, in order to first remove and then respond to a second lawsuit filed by Plaintiffs just weeks after the parties agreed that consolidation would advance "interest[s] of judicial efficiency." Mortimer Decl., Ex. E (Stipulation) at Page 66.

Fourth, public policy considerations favoring disposition of cases on the merits are disserved by Plaintiffs' litigation tactics. Indeed, dismissing this completely duplicative lawsuit would conserve judicial resources by freeing the Court to resolve other disputes. *See Flynn v. State Bd. of Chiropractic Exam'rs*, 418 F.2d 668, 668 (9th Cir. 1969) ("Appellant is not permitted to fragment a single cause of action and to litigate piecemeal the issues which could have been resolved in one action."); *cf. Brown v. Felsen*, 442 U.S. 127, 131, (1979) (res judicata "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes"). Furthermore, Plaintiffs' claims are still pending in *Brenner I*, and may still be tested on the merits in that action.

Fifth, a dismissal sanction is appropriately tailored to the nature of the violation. The only conceivable alternative—given the Article III standing problems with Plaintiffs' prayer for injunctive relief discussed below—would be to remand this action to state court. However, the Court lacks authority to remand an action governed by the Class Action Fairness Act where the defendant is not a citizen of the forum state. *See* 28 U.S.C. §§ 1332(d)(3-4); *Grimmelmann v. Pulte Home Corp.*, No. CV-08-1878-PHX-FJM, 2009 WL 1211771, at *2 (D. Ariz. May 1, 2009) (discretionary remand unavailable where defendants are not residents of forum state). Here, P&G is a citizen of Ohio, and thus the Court lacks authority to remand this action to California state court. *See* Dkt. No. 1-3, *Brenner II* Compl. ¶ 13. Furthermore, it cannot be understated that Plaintiffs themselves elected to first bring

8

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

their claims against P&G in federal court under CAFA. *See* Mortimer Decl., Ex. A at Page 7, *Brenner I* Compl. ¶ 11 ("This Court has original subject-matter jurisdiction over this proposed class action pursuant to . . . the provisions of the Class Action Fairness Act."). It is a fundamental tenet that "the party who brings a suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913). Unhappy with that choice, Plaintiffs are instead attempting to artificially split off their deficient injunctive relief remedy and concurrently re-litigate it in state court. But it is axiomatic that such "artful pleading" to avoid federal jurisdiction is improper. *See Madison v. Motion Picture Set Painters & Sign Writers Local 729*, 132 F. Supp. 2d 1244, 1250 (C.D. Cal. 2000) (plaintiff cannot defeat federal jurisdiction over claim "by disguising or pleading it artfully as a state claim"); *Herman v. Salomon Smith Barney, Inc.*, 266 F. Supp. 2d 1208, 1213 (S.D. Cal. 2003) (rejecting plaintiff's "best efforts to frame this issue as one exclusively within the purview of his state [law claims]"). Plaintiffs should not now be allowed to turn their back on their chosen forum and split off remedies to be concurrently litigated in state court, particularly given that this Court lacks authority to remand. Dismissal is therefore appropriate.

Accordingly, the Court should dismiss Plaintiffs' complaint pursuant to Rule 41(b) based on Plaintiffs' failure to comply with the Court's prior orders.

### B. Plaintiffs' Claims Also Fail Under Rule 12(b)(1) Because Plaintiffs Lack Standing to Seek Injunctive Relief.

It is clear that Plaintiffs' claims also fail for lack of standing. Under Rule 12(b)(1), "[a] suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). A plaintiff bears the burden of establishing standing by showing: (1) a concrete injury-in-fact (2) that is fairly traceable to defendant's challenged conduct and (3) likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

9
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

560-61 (1992). A plaintiff must demonstrate standing for each claim and each form of relief sought. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008). "[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

The Court held in *Brenner I* that a plaintiff must demonstrate a "'real and immediate threat of repeated injury' to have Article III standing to seek an injunction." Mortimer Decl., Ex. B at Page 30 (quoting *Delarosa*, No. SACV 10-1569-JST CWX, 2012 WL 8716658 at *2 (Staton, J.); *Bates*, 511 F.3d at 985 (en banc)). As explained above, the Court instructed Plaintiff Brenner that, in order to establish Article III standing, Brenner would need to amend her complaint to allege that she would purchase P&G's wipes again if the allegedly misleading statements are corrected. *See* Mortimer Decl., Ex. B at Page 30.

The Court should interpret Plaintiffs' repeated failure to assert such allegations—despite the Court's instruction—as an acknowledgement that Plaintiffs *cannot* assert a threat of repeated injury. Indeed, it would defy logic (and likely flout Rule 11) for Plaintiffs to claim that they still seek to purchase wipes that they contend are harmful. Accordingly, Plaintiffs' claims seeking injunctive relief do not allege a threat of future injury, and any amendment would be futile because Plaintiffs' claims "'could not possibly be cured by the allegation of other facts.'" *Fid. Nat. Title Ins. Co. v. Castle*, No. C 11-00896-SI, 2011 WL 6141310, at *3 (N.D. Cal. Dec. 8, 2011) (*quoting Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted)).[4] The Court should therefore dismiss Plaintiffs' claims and

---

[4] Because Plaintiffs lack standing to seek injunctive relief, they may not represent classes seeking that relief. *See Hodgers-Durgin v. De la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief.").

deny leave to amend.

## IV. CONCLUSION

For the reasons discussed above, the Court should dismiss Plaintiffs' claims in their entirety with prejudice.

DATED: January 5, 2017

HUNTON & WILLIAMS LLP

By: /s/ *Ann Marie Mortimer*
    Ann Marie Mortimer
Attorneys for Defendant
THE PROCTER AND GAMBLE COMPANY

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

35559.000025 EMF_US 63376537v2