UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA BRENNER, et al.<br><br>Plaintiff(s),<br><br>v.<br><br>PROCTER AND GAMBLE CO.<br><br>Defendant(s). | CASE NO:<br>8:16−cv−02273−JLS−JCG<br><br>ORDER SETTING SCHEDULING CONFERENCE FOR<br><br>February 24, 2017 at 01:30 PM,<br><br>COURTROOM 10-A |

**READ THIS ORDER CAREFULLY. IT DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This case has been assigned to Judge Josephine L. Staton. If plaintiff has not already served the complaint (or any amendment thereto) on **all** defendants, plaintiff shall promptly do so and shall file proofs of service within three (3) days thereafter. Defendants also shall timely serve and file their responsive pleadings and file proofs of service within three days thereafter.

This case is set for a scheduling conference under Fed. R. Civ. P. 16(b) on the date and time stated in the caption of this Order, in Courtroom 10A of the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California. Unless excused for good cause shown in advance of

scheduling conference, **lead counsel** shall appear at the scheduling conference and at all pretrial hearings fully informed concerning the facts of the case. If the Court determines that a Scheduling Order can be issued based on the Joint Rule 26(f) Report, the scheduling conference will be vacated.

Attached to this Order, as Exhibit A, are the Court's presumptive dates. Parties wishing to deviate from this schedule shall provide the Court with reasons for each suggested change. The parties must complete Exhibit A with specific dates. **A proposed Scheduling Order without a fully completed Exhibit A will be rejected by the Court and may subject the parties to sanctions.**

    **1.**    **Joint Rule 26(f) Report**

As provided in Fed. R. Civ. P. 26(f), the parties shall meet at least 21 days before the scheduling conference and file a Joint 26(f) Report ("Report") **no later 14 days before the date set for the scheduling conference**. The Report shall be drafted by plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately-represented parties there are. The Report shall separately address all matters described below, which include those required to be discussed by Fed. R. Civ. P. 26(f) and Local Rule 26:

    a.    <u>Statement of the case</u>: a short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

    b.    <u>Legal issues</u>: a brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues.

    c.    <u>Damages</u>: the realistic range of provable damages.

    d.    <u>Insurance</u>: whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights

    e.    <u>Motions</u>: statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

    f.    <u>Manual for Complex Litigation</u>: whether all or part of the procedures

of the Manual for Complex Litigation should be utilized.

    g.    <u>Status of Discovery</u>: a discussion of the present state of discovery, including a summary of completed discovery.

    h.    <u>Discovery Plan</u>: a detailed discovery plan, as contemplated by Fed. R. Civ. P. 26(f)(3), including a discussion of the proposed dates for expert witness disclosures under Fed. R. Civ. P. 26(a)(2) (*see* Local Rule 26-1(f)). A statement that discovery will be conducted as to all claims and defenses, or other vague description, is not acceptable.

    i.    <u>Discovery Cut-off</u>: a proposed discovery cut-off date. This means the final day for completion of discovery.

    j.    <u>Dispositive motions</u>: a description of the issues or claims that any party believes may be determined by motion for summary judgment or motion *in limine*.

    k.    <u>Settlement</u>: a statement of what settlement discussions or written communications have occurred (excluding any statement of the terms discussed) and a statement selecting either ADR Procedure No. 2 (Court Mediation Panel) or ADR Procedure No. 3 (private mediation). *See generally* General Order 11-10, § 5.1; Local Rule 16-15.4. Note, however, that the parties may not choose a settlement conference before the magistrate judge. Local Rule 26-1(c). For more information about the Court's ADR Program, please visit the "ADR" section of the Court website, http://www.cacd.uscourts.gov. No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a mediation.

    l.    <u>Trial estimate</u>: a realistic estimate of the time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Report exceeds four court days,

counsel shall be prepared to discuss in detail the estimate.

    m.    <u>Trial counsel</u>: the name(s) of the attorney(s) who will try the case

    n.    <u>Independent Expert or Master</u>: whether this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert. (The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy Daubert hearing, a resolution of a difficult computation of damages, etc.)

    o.    <u>Other issues</u>: a statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

The Report should set forth the above-described information under section headings corresponding to those in this Order.

**2.**     <u>**Notice to be Provided by Counsel**</u>

Plaintiff's counsel or, if plaintiff is appearing *pro se*, defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

**3.**     <u>**Disclosures to Clients**</u>

Counsel are ordered to deliver to their respective clients a copy of this Order and of the Court's trial order, which will contain the schedule that the Court sets at the scheduling conference.

**4.**     <u>**Utility Patent Cases**</u>

In patent cases, the Court intends generally to follow the Northern District of California Patent Local Rules. However, the Court's presumptive schedule differs

from that set forth in the Northern District Rules, and where it does, the presumptive schedule controls. **In patent cases, counsel should review, prepare, and attach the Court's Joint Rule 26(f) Report patent-specific Exhibit B** (in lieu of the Exhibit A). Counsel are directed to access the "Judges' Requirements and Procedures" section of the Court's website to obtain a copy of Exhibit B.

Because the Court may be unfamiliar with the terminology underlying many litigated patents, the parties should jointly consider the most efficient and effective manner in which to educate the Court regarding that technology. Counsel must file a joint status report setting forth their proposal(s) no later than 60 days in advance of the claim construction hearing. If the Court deems it appropriate, the Court will schedule an in-Court technology tutorial or make other appropriate orders. Counsel are strongly encouraged to present any educational materials in a manner that is free of advocacy and unencumbered by each side's respective litigation position(s).

The Court thanks the parties and their counsel for their anticipated cooperation in complying with the requirements set forth in this Order.

IT IS SO ORDERED.

Dated: January 5, 2017           **JOSEPHINE L. STATON**
United States District Judge

# EXHIBIT A

## PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME:

CASE NO:

| Matter | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus sixty (60) Days | | |
| Fact Discovery Cut-Off | 21 | | |
| Last Day to Serve Initial Expert Reports | 19 | | |
| Last Day to File Motions (Except *Daubert* and all other Motions in Limine) | 19 | | |
| Last Day to Serve Rebuttal Expert Reports | 15 | | |
| Last Day to Conduct Settlement Proceedings | 12 | | |
| Expert Discovery Cut-Off | 11 | | |
| Last Day to File *Daubert* Motions | Expert Discovery Cut-Off Date plus seven (7) days | | |
| Last Day to File Motions in Limine (excluding *Daubert* Motions) | Final Pre-Trial Conference Date less twenty-eight (28) days | | |
| Final Pre-Trial Conference **(Friday at 1:30 p.m.)** | 3 | | |
| Last Day to File Proposed Finding of Facts and Conclusions of Law (if court trial) | 1 | | |
| Exhibit Conference **(Friday at 3:30 p.m.)** | Friday before trial | | |
| Trial: Jury or Court **(Tuesday at 9:00 a.m.)** | | | |

Exhibit A